# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-00353-PAB-STV

SHAWN RINTOUL,

     Plaintiff,

v.

THE LINCOLN NATIONAL LIFE INSURANCE
COMPANY,

     Defendant.

---

## ANSWER

---

For its Answer to the plaintiff's Complaint, defendant The Lincoln National Life Insurance Company admits, denies, and alleges as follows:

<u>PARTIES</u>

1.     Lincoln admits the allegations contained in paragraph 1 upon information and belief.

2.     Answering paragraph 2, Lincoln admits that it is an insurance company, that it was incorporated in Indiana, and that it is licensed to do business in Colorado. Lincoln denies any further allegations contained in paragraph 2.

3.     Answering paragraph 3, Lincoln admits that this matter is governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq. Lincoln denies that the plaintiff is entitled to the relief sought herein.

4.      Answering paragraph 4, Lincoln admits that this matter is governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq. and applicable federal law.

5.      Answering paragraph 5, Lincoln admits that this Court has subject matter jurisdiction under 28 U.S.C. § 1331.

6.      Answering paragraph 5, Lincoln admits that this Court has subject matter jurisdiction under 29 U.S.C. § 1132(f).

7.      Answering paragraph 7, Lincoln admits that it does not contest venue. Lincoln denies any remaining allegations contained in paragraph 7.

8.      Answering paragraph 8, Lincoln admits that it does not contest venue. Lincoln denies any remaining allegations contained in paragraph 8.

9.      Answering paragraph 9, Lincoln admits that the plaintiff was employed by Wells Fargo & Company at relevant times. Lincoln denies the remaining allegations contained in paragraph 9.

10.     Answering paragraph 10, Lincoln admits that Wells Fargo & Company established and maintained a plan of long-term disability benefits for its employees ("the Plan). Lincoln denies any remaining allegations contained in paragraph 10.

11.     Lincoln admits the allegations contained in paragraph 11.

12.     Answering paragraph 12, Lincoln admits that Wells Fargo & Company established and maintained a plan of long-term disability benefits for its employees ("the Plan). Lincoln denies any remaining allegations contained in paragraph 12.

60812584.v1-OGLETREE

13.    Answering paragraph 13, Lincoln admits upon information and belief that Wells Fargo & Company is the Plan Administrator. Lincoln denies any remaining allegations contained in paragraph 13.

14.    Answering paragraph 14, Lincoln admits that, at relevant times, Wells Fargo & Company funded its Plan through the purchase of a group policy of long-term disability insurance from Lincoln ("the Group Policy"), and that Lincoln administers claims made under the Group Policy.

15.    Paragraph 15 contains solely statements of law, which require no response. To the extent that a response is required, Lincoln alleges that the applicable ERISA law speaks for itself and is the best evidence thereof, and denies the allegations contained to the extent that they are incomplete, inconsistent with, or otherwise misconstrue the applicable law as a whole. Lincoln denies any remaining allegations contained in paragraph 15.

16.    Answering paragraph 16, Lincoln admits that it administers and decides claims for benefits made under the Group Policy. Lincoln denies any remaining allegations contained in paragraph 16.

17.    Answering paragraph 17, Lincoln admits that it administers and decides claims for benefits made under the Group Policy. Lincoln denies any remaining allegations contained in paragraph 17.

18.    Lincoln admits the allegations contained in paragraph 18.

19.    Answering paragraph 19, Lincoln admits that the plaintiff participated in the Plan and the Group Policy at relevant times. Lincoln denies any remaining allegations contained in paragraph 19.

20.    Answering paragraph 29, Lincoln admits that the plaintiff submitted a claim for benefits under the Group Policy and that Lincoln approved benefits for the period March 14, 2021 through March 14, 2023. Lincoln denies any remaining allegations contained in paragraph 20.

21.    Answering paragraph 21, Lincoln admits that the plaintiff was employed by Wells Fargo prior to the date he ceased work and submitted a claim for benefits under the Group Policy.

22.    Lincoln denies the allegations contained in paragraph 22.

23.    Answering paragraph 23, Lincoln admits that the Group Policy is a Group Disability Income Policy. Lincoln denies that paragraph 23 fully, fairly, and accurately summarizes the terms of the Group Policy, which speaks for itself and is the best evidence thereof, and denies the allegations contained in paragraph 23 to the extent that they are incomplete, inconsistent with, or otherwise misconstrue the Group Policy as a whole.

24.    Answering paragraph 24, Lincoln admits that the plaintiff submitted a claim for benefits under the Group Policy.

25.    Answering paragraph 25, Lincoln admits that it informed the plaintiff by letter dated March 13, 2023 that she failed to meet her burden of proving disability under the Group Policy. The March 13, 2023 letter is set forth in the Administrative Record and speaks for itself; Lincoln denies the allegations of paragraph 25 to the extent they are incomplete, inconsistent, or otherwise misconstrue the Administrative Record. Lincoln denies the remaining allegations contained in paragraph 23.

26.    Answering paragraph 26, Lincoln admits the plaintiff, through counsel, appealed the claim determination by letter dated September 7, 2023. Lincoln further admits that the plaintiff,

4

through counsel, submitted information during the parties' ongoing good faith exchange of information. Lincoln denies any remaining allegations contained in paragraph 26.

27. Answering paragraph 27, Lincoln admits that it sent the plaintiff a letter dated January 18, 2024 advising that after review on appeal, he had not met his burden of establishing entitlement to long-term disability benefits. Lincoln further admits that the plaintiff took the appeal required the Plan and ERISA. Lincoln denies any remaining allegations contained in paragraph 27.

28. Lincoln denies the allegations contained in paragraph 28.

29. Lincoln denies the allegations contained in paragraph 29.

30. Lincoln denies the allegations contained in paragraph 30.

31. Answering paragraph 31, Lincoln incorporates its responses to paragraphs 1 through 30 above.

32. Lincoln denies the allegations contained in paragraph 32.

33. Lincoln denies the allegations contained in paragraph 33, including subparagraphs a through k.

34. Lincoln denies the allegations contained in paragraph 34.

35. Paragraph 35 contains solely statements of law, which requires no response. To the extent that a response is required, Lincoln alleges that the applicable ERISA law speaks for itself and is the best evidence thereof, and denies the allegations contained to the extent that they are incomplete, inconsistent with, or otherwise misconstrue the applicable law as a whole. Lincoln denies that the plaintiff is entitled the relief sought, and denies any remaining allegations contained in paragraph 35.

36.    Lincoln denies the allegations contained in paragraph 36.

37.    Answering paragraph 37, Lincoln incorporates its responses to paragraphs 1 through 36 above.

38.    Paragraph 38 contains solely statements of law, which requires no response. To the extent that a response is required, Lincoln alleges that the applicable ERISA law speaks for itself and is the best evidence thereof, and denies the allegations contained to the extent that they are incomplete, inconsistent with, or otherwise misconstrue the applicable law as a whole. Lincoln denies any remaining allegations contained in paragraph 38.

39.    Paragraph 39 contains solely statements of law, which requires no response. To the extent that a response is required, Lincoln alleges that the applicable ERISA law speaks for itself and is the best evidence thereof, and denies the allegations contained to the extent that they are incomplete, inconsistent with, or otherwise misconstrue the applicable law as a whole. Lincoln denies any remaining allegations contained in paragraph 39.

40.    Paragraph 40 contains solely statements of law, which requires no response. To the extent that a response is required, Lincoln alleges that the applicable ERISA law speaks for itself and is the best evidence thereof, and denies the allegations contained to the extent that they are incomplete, inconsistent with, or otherwise misconstrue the applicable law as a whole. Lincoln denies any remaining allegations contained in paragraph 40.

41.    Lincoln denies the allegations contained in paragraph 41.

42.    Paragraph 42 contains solely statements of law, which requires no response. To the extent that a response is required, Lincoln alleges that the applicable ERISA law speaks for itself and is the best evidence thereof, and denies the allegations contained to the extent that they are

6

incomplete, inconsistent with, or otherwise misconstrue the applicable law as a whole. Lincoln

denies any remaining allegations contained in paragraph 42.

43.     Lincoln denies the allegations contained in paragraph 43.

44.     Lincoln denies the allegations contained in paragraph 444.

45.     Lincoln denies the allegations contained in paragraph 45.

46.     Lincoln denies the allegations contained in paragraph 46.

47.     Lincoln denies the allegations contained in paragraph 47.

48.     Lincoln denies the allegations contained in paragraph 48.

49.     Lincoln denies the allegations contained in paragraph 49.

50.     Lincoln denies the allegations contained in paragraph 50.

51.     Lincoln denies the allegations contained in paragraph 51.

52.     Lincoln denies the allegations contained in paragraph 52.

53.     Answering paragraph 53, Lincoln incorporates its responses to paragraphs 1

through 52 above.

54.     Paragraph 54 contains solely statements of law, which requires no response. To the

extent that a response is required, Lincoln alleges that the applicable ERISA law speaks for itself

and is the best evidence thereof, and denies the allegations contained to the extent that they are

incomplete, inconsistent with, or otherwise misconstrue the applicable law as a whole. Lincoln

denies any remaining allegations contained in paragraph 54.

55.     Paragraph 55 contains solely statements of law, which requires no response. To the

extent that a response is required, Lincoln alleges that the applicable ERISA law speaks for itself

and is the best evidence thereof, and denies the allegations contained to the extent that they are

incomplete, inconsistent with, or otherwise misconstrue the applicable law as a whole. Lincoln

denies any remaining allegations contained in paragraph 55.

56.     Paragraph 56 contains solely statements of law, which requires no response. To the

extent that a response is required, Lincoln alleges that the applicable ERISA law speaks for itself

and is the best evidence thereof, and denies the allegations contained to the extent that they are

incomplete, inconsistent with, or otherwise misconstrue the applicable law as a whole. Lincoln

denies any remaining allegations contained in paragraph 56.

57.     Paragraph 57 contains solely statements of law, which requires no response. To the

extent that a response is required, Lincoln alleges that the applicable ERISA law speaks for itself

and is the best evidence thereof, and denies the allegations contained to the extent that they are

incomplete, inconsistent with, or otherwise misconstrue the applicable law as a whole. Lincoln

denies any remaining allegations contained in paragraph 57.

58.     Paragraph 58 contains solely statements of law, which requires no response. To the

extent that a response is required, Lincoln alleges that the applicable ERISA law speaks for itself

and is the best evidence thereof, and denies the allegations contained to the extent that they are

incomplete, inconsistent with, or otherwise misconstrue the applicable law as a whole. Lincoln

denies any remaining allegations contained in paragraph 58.

59.     Paragraph 59 contains solely statements of law, which requires no response. To the

extent that a response is required, Lincoln alleges that the applicable ERISA law speaks for itself

and is the best evidence thereof, and denies the allegations contained to the extent that they are

incomplete, inconsistent with, or otherwise misconstrue the applicable law as a whole. Lincoln

denies any remaining allegations contained in paragraph 59.

60.     Lincoln denies the allegations contained in paragraph 60.

61.     Lincoln denies the allegations contained in paragraph 61.

62.     Lincoln denies the allegations contained in paragraph 61.

63.     Paragraph 63 contains solely statements of law, which requires no response. To the extent that a response is required, Lincoln alleges that the applicable ERISA law speaks for itself and is the best evidence thereof, and denies the allegations contained to the extent that they are incomplete, inconsistent with, or otherwise misconstrue the applicable law as a whole. Lincoln denies any remaining allegations contained in paragraph 63.

64.     Lincoln denies the allegations contained in paragraph 64.

65.     Lincoln denies each and every allegation of the plaintiff's Complaint that is not expressly admitted herein.

**DEFENSES, INCLUDING AFFIRMATIVE DEFENSES**

Lincoln asserts the following defenses, each as a separate and distinct defense to the plaintiff's alleged causes of action, as well as to the entire Complaint. Lincoln does not assume the burden of any defense asserted that is adjudged not to be an affirmative defense.

1.     The Complaint and each and every purported claim for relief therein fails to state a claim for which relief can be granted.

2.     The plaintiff failed to prove entitlement to benefits under the terms of the Group Policy.

4.     The plaintiff's recovery herein, if any, is limited by the terms, conditions, limitations, exclusions, and other provisions of the Plan and the Group Policy.

9

5.    There is no vesting of benefits under the Group Policy, and thus the plaintiff may not recover benefits for any future period of disability, but rather must provide period proof of alleged continuing disability.

6.    Lincoln has complied with its promises, obligations, and duties to the plaintiff and the handling of the plaintiff's claim for benefits complied with ERISA.

7.    Lincoln asserts each and every provision of the Group Policy that may be construed as an affirmative defense.

8.    Lincoln does not knowingly and intentionally waive any affirmative defenses, and reserves the right to amend this Answer to state additional such defenses in the event that facts become known to support them.

WHEREFORE, defendant The Lincoln National Life Insurance Company respectfully requests the Court to: (A) dismiss the plaintiff's claims against Lincoln with prejudice and enter judgment in Lincoln's favor on such claims; (B) award Lincoln its attorneys' fees under 29 U.S.C. § 1132(g) or any other appropriate law; (C) award Lincoln its costs of suit; and (D) grant such other relief as is appropriate under the circumstances of this case.

Respectfully submitted this 22nd day of March 2024.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

*s/ Ann-Martha Andrews*
Ann-Martha Andrews
Esplanade Center III, Suite 800
2415 East Camelback Road
Phoenix, AZ  85016
Telephone:  602-778-3700
Facsimile:  602-778-3750
ann.andrews@ogletree.com
*Attorneys for Defendant The Lincoln National Life Insurance Company*

10

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of March, 2024, I electronically filed the foregoing Answer with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Kevin McManus
kevin@kevinmcmanuslaw.com


s/ Ann-Martha Andrews